## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **CHARLES LITTLETON FRIDGE, III,** | § | **Case No. 24-35056 (JPN)** |
| | § | **(Chapter 11)** |
| Debtors. | § | |

| | | |
|---|---|---|
| **DANIELLE L. FRIDGE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **Adv. Pro. No. 25-_____** |
| | § | |
| **CHARLES LITTLETON FRIDGE, III,** | § | |
| | § | |
| Defendant. | § | |

### ORIGINAL COMPLAINT OF DANIELLE L. FRIDGE
### TO DETERMINE DISCHARGEABILITY OF DEBT AND
### EXCEPT DEBT FROM DISCHARGE
### UNDER 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), AND 523(a)(6)

TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:

COMES NOW, Plaintiff DANIELLE L. FRIDGE (the "Plaintiff") and brings this adversary complaint (the "Complaint") pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), and would show as follows:

### I.

### SUMMARY OF THE COMPLAINT

1. The Plaintiff seeks a judgment of this Court determining that the debt arising from the award of damages, as of yet unliquidated, owed to her by Charles Littleton Fridge III (the "Debtor," "Defendant," or "Fridge") is not dischargeable and should be and is excepted from Debtor's discharge under 11 U.S.C. § 523(a)(2)(A), 523(a)(4), and 523(a)(6).

1

## II.

## PARTIES, JURISDICTION, AND VENUE

2.  The Plaintiff is Danielle L. Fridge, an individual residing in Houston, Harris County, Texas.

3.  The Defendant is the debtor in this Chapter 11 case, Charles Littleton Fridge III, and may be served by serving him at his principal place of residence located at 1307 Denman Road, Houston, Texas 77019.

4.  The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) because the claims asserted herein arise under Chapters 5 of the Bankruptcy Code and arise in and are related to a case pending under the Bankruptcy Code in this Court. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." District courts may, in turn, refer these proceedings to the bankruptcy judges for the district. 28 U.S.C. § 157(a). In the Southern District of Texas, General Order 2012-6 (General Order of Reference) automatically refers all eligible cases and proceedings to the bankruptcy courts. Fed. R. Bankr. P. 7001(6) governs an adversary proceeding to determine the dischargeability of a debt.

5.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I), and (O). The Court has constitutional authority to enter a final judgment determining the dischargeability of the Plaintiff's debt under 11 U.S.C. § 523(a). This action is also core under the general "catch- all" language because this action is the type of proceeding that can only arise in the context of a bankruptcy case. *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999)("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise

only in the context of a bankruptcy case")(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). Preventing the discharge in bankruptcy of a particular debt – here the debt owed by the Debtor to the Plaintiff arising from the Debtor's fraud, waste of the marital estate, and breach of fiduciary duty – can only occur in a bankruptcy court, as there is no state law equivalent for this action.

6.  The Plaintiff consents to the entry of final orders and judgments by this Court in the event it is determined that the Court, absent such consent, cannot enter final orders or judgment consistent with Article III of the United States Constitution. If the Defendant does not consent to entry of final orders and judgment by this Court and the Court determines that it cannot enter a final judgment without the consent of the parties, the Plaintiff requests that the Court enter proposed findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and Fed. R. Bankr. P. 9014.

7.  Venue is proper pursuant to 28 U.S.C. § 1409(a).

### III.

### STATEMENT OF FACTS

8.  The Plaintiff and the Defendant were married on February 14, 1998. Shortly after and continuing throughout, the marriage the Defendant has engaged in a pattern of abuse, both mental and physical, of the Plaintiff. The Defendant engaged in taunts, insults, screams of profanity and threats against the Plaintiff throughout the marriage, often in front of their three sons. In 2012, the Plaintiff first discovered the Defendant's infidelity, which led to the Defendant physically assaulting the Plaintiff, punching her in the face, and breaking her nose.

9.  The Defendant's abuse regularly escalated to include aggressive physical threats which include intimidation by screaming in her face, physically pushing Petitioner out of the way, throwing and breaking household items such as lamps, planters, and glasses as well as ripping

off and throwing cabinet doors. The Defendant regularly exploded into fits of rage and anger upon arrival home from work leaving the Plaintiff in a constant state of anxiety and fear as she daily walked on eggshells not knowing what would set the Defendant off. Additionally, the Defendant regularly gaslighted the Plaintiff, by presenting a false narrative to her and others, which lead her to doubt her own perceptions and caused her to feel misled, disoriented, and distressed.

10. The Defendant also began transferring community property, expending community funds, and diverting community funds, for the expressed and primary purpose of depriving the Plaintiff of the property, and with dishonesty or intent to deceive her. The Defendant established bank accounts without the Plaintiff's knowledge and used those accounts to transfer and divert community funds to others, including women the Defendant was seeing outside of the marriage. The Defendant squandered community assets by making excessive expenditures of community assets. The Defendant also mismanaged funds of his business accounts, causing detriment to the community by being terminated from his position.

11. The Defendant has squandered community assets by making excessive gifts or payments of community assets to paramours, who are not the natural object of the Defendant's generosity, being payments, gifts, or the transfer of assets. The Defendant has spent and wasted community funds on persons at a time when the Defendant knew or should have known that the Plaintiff would have objected to these expenditures. Furthermore, Defendant, since June 2023, has expended funds of no less than tens of thousands of dollars in furtherance of his engagement and "wedding ceremony" to Daggett at a time when he was still married to Plaintiff and subject to Mutual Temporary Injunctions. These expenditures and gifts of property are in direct violation of the Defendant's duty as co-manager of the community estate. The expenditures have constructively defrauded the Plaintiff.

4

**IV.**

**CAUSES OF ACTION**

**A.  Under 11 U.S.C. § 523(a)(2)(A), the Debtor is not entitled to a discharge of his debt to the Plaintiff.**

12. Under section 523(a)(2)(A) of the Bankruptcy Code, an individual debtor is not entitled to a discharge from any debt "(2) for money, property, services . . . to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ." 11 U.S.C. § 523(a)(2)(A).

13. The Debtor is not entitled to a discharge of his debt arising from his conduct as outlined above because the debt was obtained by false pretenses, one or more false representations, or actual fraud. The Debtor committed actual fraud because at the time the Debtor made the above-described misrepresentations, he knew they were false. The Plaintiff actually and justifiably relied on the Debtor's deception and sustained sizable monetary losses as a proximate result of its reliance on the Debtor's misrepresentations.

14. Specifically, the Debtor made affirmative representations knowing them to be false and/or false representations by silence or concealment.

15. In addition, or in the alternative, the Debtor concealed and participated in a fraudulent conveyance scheme to the detriment of the Plaintiff on his own behalf, when he transferred community assets to others with the intent of depriving the Plaintiff of the assets.

16. The Debtor engaged in this conduct with the intention and purpose to deceive the Plaintiff and to induce the Plaintiff to act or refrain from action in reliance upon the Debtor's misrepresentations, actions or omissions, such as by refraining from divorcing the Debtor sooner and protecting the community assets from waste and dissipation. A debtor intends a result if a debtor either acts with desire to cause it, or acts believing that there is a substantial certainty that the result will follow from his conduct.

17. Additionally, the Debtor is not entitled to a discharge of this debt to the Plaintiff because it was obtained by false pretenses and/or false representations. The Debtor made knowingly false, deceitful and fraudulent statements to the Plaintiff regarding then-past and then-current facts, including deceptive statements relating to the conduct in which he engaged in committing waste of community assets and transferring community assets to others outside of the community to deprive the Plaintiff of the asset. But for the false pretenses, false representations, and actual fraud by the Debtor, the Plaintiff would not have suffered the injury complained of.

18. The Plaintiff respectfully requests that the Court determine that as a result of the foregoing conduct, the Debtor's debt to the Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and enter judgment to that effect.

**B.  Section 523(a)(4) of the Bankruptcy Code also bars the discharge of the Debtor's debt to the Plaintiff.**

19. Under section 523(a)(4) of the Bankruptcy Code, a debtor is not entitled to be discharged from a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).  The debt owed to the Plaintiff is the damage suffered as a result of the Debtor's waste of the community assets, transfer of community assets, assault, intentional infliction of emotional distress, and transmission of sexually transmitted diseases to the Plaintiff. The Debtor, as the Plaintiff's husband, owed the Plaintiff a fiduciary duty by law. *Puntarelli v. Peterson*, 405 S.W.3d 131, 137-38 (Tex. App. – Houston [1st Dist.] 2013, no pet.); *Zieba v. Martin*, 928 S.W.2d 782, 789 (Tex. App. – Houston [14th Dist.] 1996, no pet.).

20. The Plaintiff respectfully requests that the Court determine that as a result, the Debtor's debt to the Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(4) and enter judgment to that effect.

**C.** **Under 11 U.S.C. § 523(a)(6), the Debtor is not entitled to a discharge of his debt to the Plaintiff.**

21. Under section 523(a)(6), a debtor is not entitled to be discharged from a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." 11 U.S.C. § 523(a)(6) (2015).

22. The Debtor mentally and physically abused the Plaintiff. The Debtor assaulted the Plaintiff on numerous occasions. Finally, in one altercation, the Debtor punched the Plaintiff in the face and broke her nose. These acts constituted willful and malicious injury to the Plaintiff.

23. The Plaintiff respectfully requests that the Court determine that as a result, the Debtor's debt to the Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6), and enter judgment to that effect.

**V.**

**RELIEF REQUESTED**

24. The Plaintiff prays that after a trial on the merits, the Court enter a judgment that determines that the Debtor's debt to the Plaintiff for the damages awarded is not dischargeable and is excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and/or 523(a)(6), and award the Plaintiff such other relief at law or equity, including reasonable costs and attorneys' fees, to which the Plaintiff may be entitled.

DATED:   January 29, 2025

Respectfully submitted,

**THE PROBUS LAW FIRM**

By:/s/ *Matthew B. Probus*
       **Matthew B. Probus**
       Texas State Bar No. 16341200
       Fed. I.D. No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
Tel. (713) 258-2700
Fax (713) 258-2701
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR PLAINTIFF,*
*DANIELLE L. FRIDGE*

8